AUGUSTUS TRIMMER

*v.*

THE PENNSYLVANIA, SLATINGTON AND NEW ENGLAND
RAILROAD COMPANY.

Where an injunction is issued against a corporation, the officers, who neither
do anything in violation of it, nor by concealment of the fact that it has been
issued, conduce to such violation, cannot be held liable for a breach of it.

On bill for relief. On motion on the part of Frank M.
Ward and Jacob C. Van Horn to set aside attachment for con-
tempt against them, and motion on the part of the complainant
for a like attachment against Nathaniel S. Rue, president of the
defendant.

*Mr. J. G. Shipman,* for the motion.

*Mr. John Linn* and *Mr. Lewis J. Martin, contra.*

THE CHANCELLOR.

This suit was brought in September, 1882, to restrain the de-
fendant, a railroad company of this state, from occupying the
land of the complainant until it should have paid or tendered to
him compensation. It was building thereon a pier for a bridge
across the Delaware river. A preliminary injunction was issued
in pursuance of the prayer of the bill, directed to the company
and its officers and agents, and it was served on the president,
Mr. Nathaniel S. Rue, on the 3d of October, 1882. It was pre-
viously, and on the 29th of September, served on Earl and Tan-
ner, two persons who were engaged in the work of building the
pier on the complainant's land. The work was not stopped, but
on the contrary, the mandate of the court was flagrantly violated,
for which offence proceedings against Earl and Tanner have
been taken. Three others of the directors, besides the president,

(Mr. Ward, Mr. Schanck and Mr. Van Horn) had knowledge of the existence of the injunction. Motion was made on due notice to attach the president and Messrs. Ward and Van Horn for contempt in disobeying the injunction. They did not, nor did any of them, appear at the time fixed for hearing in the order to show cause granted on that motion, and the order was made absolute as to Messrs. Ward and Van Horn, and the attachment was issued, but it has not been served. They now move to set aside the order and attachment, and application is also made on behalf of the complainant to make the order to show cause absolute against the president. The reason given for the non-appearance of Messrs. Ward and Van Horn at the time fixed for hearing, in the order to show cause, is entirely satisfactory. They supposed, and had reason to believe, that the hearing had been postponed on application of their counsel. To consider the merits : neither the president nor either of the three other directors before mentioned appears to have done anything in violation of the injunction. The president, as soon as the writ was served on him, notified the contractor, Stanton, to stop work on the complainant's land at once, and wrote to the attorneys of the company, enclosing the copy of the writ he had received, and requested them to attend to the matter. It appears, it may be remarked, that Stanton had sublet the contract to one Danforth, and at the request of the latter, and with Stanton's consent, the contract was in form made between the company and Danforth. It is urged on behalf of the complainant that the president and those of the directors who had knowledge of the existence of the injunction were bound to do what they could to compel obedience to it. An injunction against a corporate body is binding upon all the individuals acting for the corporation to whose knowledge it comes. *People* v. *Sturtevant, 9 N. Y. 263 ; High on Inj. § 863.* In *Bank Commissioners* v. *City Bank of Buffalo* (*1843*), cited in *1 Barb. Ch. Prac. 636,* it was decided by Chancellor Walworth that where an injunction against a corporation is served upon its president, it is his duty to prevent the other officers of the corporation from doing anything contrary to the order of the court; and that if he conceals from such officers

the fact that an injunction has been served upon him, and allows them to go on and do acts in violation of it, it is a breach of the injunction on his part.   In the case in hand, however, none of the officers of the corporation did anything, so far as appears, in violation of the command of the court.   The president supposed that his orders to stop the work had been obeyed, and in the sequel was surprised to find that they had not been.   Mr. Van Horn knew nothing of the injunction until the 17th of October, and then became apprised of it by the service upon him of the order to show cause.   Mr. Ward was apprised of the injunction by the president, but he not only does not appear to have done anything in violation of it, but on the other hand, with the treasurer (a lawyer), who was also a director, advised that it must be strictly obeyed.   He swears that if he failed in doing his whole duty toward the court in the matter, it was merely through want of knowledge of what his obligations in the premises were. The attachment and the order for it will be set aside, but without costs, and the order to show cause as against the president and Messrs. Ward and Van Horn will be discharged, also without costs.